## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF                               *    NO.: 15-352                               " "
                                               *
MICHAEL A. FENASCI                             *
                                               *
                                               *
                                               *
                                               *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## APPLICATION FOR REINSTATEMENT

Now into Court, comes applicant, Michael A. Fenasci, an attorney who has been readmitted to practice law by the Louisiana Supreme Court, on May 23, 2014.

That Court granted readmission to the applicant following that Court's thorough investigation and findings that applicant possesses the requisite competence, honesty and integrity to be reinstated to practice of law.

Applicant, Michael A. Fenasci, now respectfully requests of this Honorable Court reinstate applicant to the practicing bar of the United States District Court for the Eastern District of Louisiana.

1)

PROCEDURAL HISTORY

A) The Disciplinary Hearing Committee issued its findings and recommendations on November 18, 2008. The Hearing Committee found that applicant engaged in two loan transactions with an employee of the firm who was also client and did not reduce the transactions to writing. Additionally, the Committee also found that the applicant provided financial assistance to the employee/client, without proper documentation of living expenses. The Committee further found that no

comingling/conversion occurred because payments from the applicants trust account were taken from applicant's earned fees and not from the funds of the clients. The Committee recommended a public reprimand.

B) On June 21, 2009, the Louisiana Attorney Disciplinary Board (LADB) issued its findings and recommendations. The LADB disagreed and recommended a 36 month suspension.

C) The LADB decision was appealed by Petitioner and the case was docketed with the Louisiana Supreme Court. However, then counsel for Petitioner missed the filing deadlines for the appeal and the Louisiana Supreme Court issued its opinion agreeing to suspend the Petitioner for a period of 36 months.

D) Petitioner filed a Motion to Reconsider based on his counsel's failure to file any appellate brief. The Louisiana Supreme Court granted the reconsideration but subsequently held fast to its original decision and the 36 month suspension commenced to run on February 5, 2010.

E) Sometime thereafter, Petitioner received Notice from this Honorable Court of the suspension from practice from the United States District Court for the Eastern District of Louisiana, based on the suspension imposed by the Louisiana Supreme Court.

## PRAYER

Petitioner respectfully requests reinstatement of all privileges to practice law before this District Court, based upon the findings and opinion of the Louisiana Supreme Court[1] that held that the, "record provides clear and convincing evidence of petitioners

---

[1] The Office of Disciplinary Counsel notified the Louisiana Supreme Court that it had no objection to the reinstatement.

compliance with the reinstatement criteria. Under these circumstances, petitioner has

shown that he possesses the requisite competence, honesty and integrity to be reinstated

to the practice of law."

Wherefore, Petitioner, Michael A. Fenasci, respectfully requests that this

Honorable Court grant him the privilege to practice before this District Court.


Respectfully Submitted,


FENASCI & ASSOCIATES

BY: _____
MICHAEL A. FENASCI
3000 W. Esplanade Ave., Suite 301
Metairie, Louisiana  70002
Telephone:  504/833-2166
Facsimile:  504/831-9474
Louisiana Bar # 05508
Email: fenascilaw@aol.com
Attorneys for Petitioner, Self